# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JAMES S. SCOTT, | › |
| Plaintiff, | ›     1:19-cv-01291-STA-jay |
| v. | › |
| THE WISE COMPANY, INC., et al., | › |
| Defendants. | › |

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

Before the court are the motions of the defendants, the Wise Company, Inc. ("Wise Co."), Michael Monroe ("Monroe"), John Cooper ("Cooper"), Charles Dingler ("Dingler"), David Elder ("Elder"), Sharon Brown ("Brown"), Frans Weterrings ("Weterrings"), Laura Smith, and Cheryl Smith (collectively "Defendants"), to dismiss the Second Amended Complaint of the *pro se* plaintiff, James S. Scott ("Scott") for insufficient service of process under Federal Rule of Civil Procedure ("Rule") 12(b)(5), and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (D.E. 23, 24, 25, 26, 27, 28, 29, 30, & 31.) Scott did not file a response in opposition. Pursuant to Administrative Order 2013-05, this case has been assigned to the undersigned United States Magistrate Judge for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. 2013-05, Apr. 29, 2013.)

For the reasons that follow, it is recommended that the motions of Defendants Dingler, Cheryl Smith, Weterrings, Cooper, Elder, Laura Smith, Monroe, and Wise Co. be **GRANTED** for insufficient service of process under Rule 12(b)(5), and that all claims against those defendants be dismissed without prejudice. It is further recommended that the motion of Defendant Brown be

1

**GRANTED** for failure to state a claim under Rule 12(b)(6), but that Scott be afforded an opportunity to amend his complaint to set forth factual allegations necessary to state claims against Wise Co.[1]

## I.    PROPOSED FINDINGS OF FACT

Scott filed his original *pro se* complaint on December 13, 2019 against seven defendants. (Compl., D.E. 1.)  Scott first amended his complaint on January 7, 2020, naming the same seven defendants. (First Am. Compl., D.E. 8-1.)  With leave of the court, Scott filed the operative Second Amended Complaint on March 24, 2020, which named the following eleven defendants:  Wise Co., D. Canale & Co. (Wise Co.'s parent company), Monroe, Cooper, Dingler, Elder, Brown, Weterrings, Laura Smith, Jeremey Tucker, and Cheryl Smith.  (Second Am. Compl., D.E. 15.)  The Second Amended Complaint asserts sixteen different causes of action against the Defendants arising out Scott's previous employment as a computer assisted design ("CAD") engineer with Wise Co.  (*Id.*)

Count one alleges a failure-to-accommodate claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendment Act of 2008 (collectively referred to as the "ADA"). (*Id.* ¶¶ 106-25.)  Count two alleges a retaliation claim for engaging in a protected activity in violation of the ADA.  (*Id.* ¶¶ 126-39.)  Count three alleges a claim for interference with rights covered under the ADA.  (*Id.* ¶¶ 140-43.)  Count four alleges a retaliation claim for participating in a sexual harassment investigation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*  (*Id.* ¶¶ 144-50.)  Count five alleges a claim for unpaid overtime

---

[1] *See, e.g.*, *Alessio v. United Airlines, Inc.*, 2018 WL 902334, at *4 & 7 (N.D. Ohio Feb. 15, 2018) (granting leave to amend *pro se* complaint where the plaintiff sought to bring claims against individual defendants for age discrimination, retaliation, and ADA failure to accommodate).

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (*Id.* ¶¶ 151-77.) Count six alleges a claim for violations of the Stored Wire Electronic Communications Act ("SWECA"), 18 U.S.C. § 2701 *et seq*. (*Id.* ¶¶ 178-81.) Count seven alleges a claim for invasion of privacy under Tennessee law. (*Id.* ¶¶ 182-94.) Count eight alleges a claim for breach of contract under Tennessee law. (*Id.* ¶¶ 195-220.) Count nine alleges a claim for promissory estoppel and breach of the implied duty of good faith and fair dealing, presumably under Tennessee law. (*Id.* ¶¶ 221-40.) Count ten alleges a claim for intentional infliction of emotional distress under Tennessee law. (*Id.* ¶¶ 241-57.) Counts eleven and twelve allege violations of 42 U.S.C. § 1985(2) & (3). (*Id.* ¶¶ 258-84.) Count thirteen alleges a claim under the Tennessee Personal and Commercial Computer Act of 2003 ("TPCCA"), Tenn. Code Ann. § 39-14-601, *et seq*. (*Id.* ¶¶ 285-92.) Count fourteen alleges a claim for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (*Id.* ¶¶ 293-305.) Count fifteen alleges a notice requirement claim under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq*. (*Id.* ¶¶ 306-14.) Count sixteen alleges a claim for "wrongful discharge in violation of public policy." (*Id.* ¶¶ 315-326.)

Each of the Defendants—with the exception of Brown—seek an order dismissing Scott's claims without prejudice for insufficient service of process under Rule 12(b)(5). (*See* Defs.' Mots., D.E. 23, 24, 25, 26, 27, 28, 29, 30, & 31.)[2] Defendant Brown argues for dismissal on the sole basis that the Second Amended Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). (*See* Def. Brown's Mem., D.E. 26-1.)

---

[2] Because of the factual similarities between various Defendants, the court will group the motions as follows: (1) ***First Group of Motions to Dismiss for Insufficient Service of Process or, in the Alternative, for Failure to State a Claim***—Defendants Dingler, (D.E. 23), Cheryl Smith, (D.E. 24), and Weterrings, (D.E. 25); (2) ***Second Group of Motions to Dismiss for Insufficient Service of Process or, in the Alternative, for Failure to State a Claim***—Defendants Cooper, (D.E. 27), Elder, (D.E. 28), Laura Smith, (D.E. 29), Monroe, (D.E. 30), and Wise Co., (D.E. 31); and (3) ***Motion to Dismiss for Failure to State a Claim***—Defendant Brown, (D.E. 26).

Defendant Dingler argues that the "package containing the Second Amended Complaint and Summonses were initially addressed to an invalid location and were then forwarded . . . to a business address for [Wise Co.]." (Def. Dingler's Mem., D.E. 23-1, at PageID 1488.) According to Dingler, Brown signed for the package on Dingler's behalf without authorization. (*Id.*) Monroe, President of Wise Co., submitted an affidavit stating Brown was not authorized to accept service of process on behalf of any the Defendants. (Monroe Aff. ¶¶ 5-7, D.E. 23-2.) Defendants Cheryl Smith and Weterrings argue that service was insufficient for the same reasons as Dingler. (*See* Def. Cheryl Smith's Mem., D.E. 24-1, at PageID 1522; Def. Weterrings's Mem., D.E. 25-1, at PageID 1557.)

Defendant Cooper argues that the "package containing the Second Amended Complaint and Summonses were addressed to and received at the Corporate Office," and that the individual who signed for the package, Michelle Land, was not authorized to accept service on his behalf. (Def. Cooper's Mem., D.E. 27-1, at PageID 1616.) Defendant Cooper's assertions are supported by Monroe's sworn affidavit. (*See* Monroe Aff. ¶¶ 8-10, D.E. 27-2.) Defendants Elder, Laura Smith, Monroe, and Wise Co. all argue that service was insufficient for the same reasons as Defendant Cooper. (*See* Def. Elder's Mem., D.E. 28-1, at PageID 1650; Def. Laura Smith's Mem., D.E. 29-1, at PageID 1684; Def. Monroe's Mem., D.E. 30-1, at PageID 1716; Def. Wise Co.'s Mem., D.E. 31-1, at PageID 1750-51.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard for Rule 12(b)(5) Dismissal

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also Omni Capital, Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)

4

("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990) (same). Actual knowledge of a lawsuit is not a substitute for proper service. *Collins v. Waste Mgmt.*, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018).

Rule 4 governs service of the summons and complaint in federal cases. *Id.* Rule 4(c) requires the plaintiff to serve the summons and complaint within the time period allowed under Rule 4(m)—*i.e.*, 90 days after the complaint is filed.[3] *See* Fed. R. Civ. P. 4(c) & (m). Individual defendants can be served in the following ways: (1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; or (2) by "(A) delivering a copy of the summons and of the complaint to the individual personally[,] (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[,] or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Corporate defendants are properly served when: (1) service is effected in accordance with state law in the state where the district court is located or where service is made, or (2) a copy of the summons and complaint is delivered to an officer or authorized agent. Fed. R. Civ. P. 4(h).

"Tennessee law provides for service on a corporation by delivery of the summons and complaint to an officer, managing agent, or other agent authorized to receive service of process, Tenn. R. Civ. P. 4.04(4), or by certified mail to an officer, managing agent, or other agent authorized to receive service of process, Tenn. R. Civ. P. 4.04(10)." *Collins*, 2017 WL 6947871, at *2. "However, service by certified mail is typically insufficient if the defendant or an authorized

---

[3] Scott filed his Second Amended Complaint on March 24, 2020; Scott therefore had until Monday, June 22, 2020 to properly serve the summons and Second Amended Complaint. *See* Fed. R. Civ. P. 4(m).

5

agent does not sign for the mail." *Id.* (citing *Dolan v. United States*, 514 F.3d 587, 595-96 (6th Cir. 2008) (finding insufficient service where certified mail receipt was signed by person whose authority was not shown in the record); *Fite v. Comtide Nashville*, LLC, 686 F. Supp. 2d 735, 746 (M.D. Tenn. 2010) ("While the Tennessee Rules of Civil Procedure permit service by mail, unless the package is actually received and signed for by the defendant or his 'authorized agent,' service of process by mail delivery is not effective.")).

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[T]he plaintiff must provide proof of service to the court unless service is waived, and 'proof must be by the server's affidavit' unless there has been service by a marshal." *Collins*, 2017 WL 6947871, at *3 (quoting Fed. R. Civ. P. 4(l)(1)).

Defendants Dingler, Cheryl Smith, Weterrings, Cooper, Elder, Laura Smith, Monroe, and Wise Co. all seek an order dismissing the Second Amended Complaint without prejudice for insufficient service of process under Rule 12(b)(5). (*See* D.E. 23, 24, 25, 27, 28, 29, 30, & 31.)

Defendants Dingler, Cheryl Smith, and Weterrings argue that service was insufficient because Brown was not authorized to receive service of process. (*See* Def. Dingler's Mem., D.E. 23-1, at PageID 1488; Def. Cheryl Smith's Mem., D.E. 24-1, at PageID 1522; Def. Weterrings's Mem., D.E. 25-1, at PageID 1557.) Defendants Cooper, Elder, Laura Smith, Monroe, and Defendant Wise Co. argue that service was insufficient because Michele Land was not authorized to receive service of process. (*See* Def. Cooper's Mem., D.E. 27-1, at PageID 1616; Def. Elder's Mem., D.E. 28-1, at PageID 1650; Def. Laura Smith's Mem., D.E. 29-1, at PageID 1684; Def.

6

Monroe's Mem., D.E. 30-1, at PageID 1716; Def. Wise Co.'s Mem., D.E. 31-1, at PageID 1750-51.)

**B.      Service of Process as to Defendants Dingler, Cheryl Smith, and Weterrings**

It is undisputed that the summonses reissued on March 25, 2020 have yet to be properly served on Defendants Dingler, Weterrings, or Cheryl Smith. (*See* Reissued Summons as to Def. Dingler, D.E. 17-6; Reissued Summons as to Def. Weterrings, D.E. 17-7; Reissued Summons as to Def. Cheryl Smith, D.E. 17-9.)

Monroe states that the packages sent by Scott for Defendants Dingler, Weterrings, and Cheryl Smith were addressed to a prior business address for Wise Co., and then re-directed by the post office to Wise Co.'s correct business address at 765 Industrial Road, Savannah, Tennessee 38372. (Monroe Aff. ¶ 4 , D.E. 23-2.) Monroe states further that Brown signed for the certified mail packages on behalf of Defendants Dingler, Weterrings, and Cheryl Smith. (*Id.* ¶ 7.) According to Monroe, Brown was not authorized to accept service of process for any of the Defendants. (*Id.* ¶ 10.) Scott has not disputed such facts, "so this court decides the issue as a question of law." *Collins*, 2017 WL 6947871, at *3 (citing *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *see also Friedman v. Estate of Presser*, 929 F.2d 1151, 1154 (6th Cir. 1991) (noting that where facts are undisputed, determination of whether service of process is adequate is a question of law).

Because Scott did not serve Defendants Dingler, Weterrings, or Cheryl Smith personally, and because Brown is not an agent authorized by appointment or by law to receive service of process, service as to those individual Defendants is improper under Rule 4(c)(1) and (e), as well as under Tennessee Rule of Civil Procedure 4.04(1) and (10). *See Collins*, 2017 WL 6947871, at *3.

Accordingly, it is recommended that the motions of Defendants Dingler, Weterrings, and Cheryl Smith be **GRANTED** for insufficient service of process under Rule 12(b)(5).[4]

C. **Service of Process as to Defendants Cooper, Elder, Laura Smith, Monroe, and Wise Co.**

It is undisputed that the summonses reissued on March 25, 2020 have yet to be properly served on Defendants Cooper, Elder, Laura Smith, Monroe, or Wise Co. (*See* Reissued Summons as to Def. Wise Co., D.E. 17; Reissued Summons as to Def. Monroe, D.E. 17-2; Reissued Summons as to Def. Cooper, D.E. 17-3; Reissued Summons as to Def. Elder, D.E. 17-4; Reissued Summons as to Def. Laura Smith, D.E. 17-5; *see also* Reissued Summons as to Def. Laura Smith, D.E. 34-2.)

Monroe states that the packages sent by Scott for Defendants Cooper, Elder, Laura Smith, Monroe, and Wise Co. were delivered to the corporate headquarters of both Wise Co. and D. Canale & Co. at 79 S. Second Street, Memphis, Tennessee 38103 (the "Corporate Address"), an office building where the two companies occupy separate floors. (Monroe Aff. ¶ 8, D.E. 27-2.) Monroe avers that Michele Land, an employee of *only* D. Canale & Co., was not authorized "to accept service of process on behalf of [Defendants Cooper, Elder, Laura Smith, or Monroe]." (*Id.* ¶ 11.) Scott has not disputed such facts, "so this court decides the issue as a question of law." *Collins*, 2017 WL 6947871, at *3 (citing *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *see also Friedman*, 929 F.2d at 1154 (noting that where facts are undisputed, determination of whether service of process is adequate is a question of law).

---

[4] *See, e.g.*, *Ritter v. Virtue*, 2010 WL 1433130, at *2 (M.D. Pa. Apr. 7, 2010) (dismissing *pro se* complaint where service was improper; "Although courts must construe *pro se* complaints liberally, . . . we do not have jurisdiction over parties that have not been properly served in accordance with Rule 4 . . . . Thus, we will grant [the Defendants' motion] and dismiss the claims against them without prejudice. Since we are without jurisdiction over the Defendants, we will not address the other issues presented in their motion.") (internal citations omitted).

Because Scott did not serve Defendants Cooper, Elder, Laura Smith, or Monroe personally, and because Michele Land is not an agent authorized by appointment or by law to receive service of process, service as to those individual Defendants is improper under Rule 4(c)(1) and (e), as well as under Tennessee Rule of Civil Procedure 4.04(1) and (10). *See Collins*, 2017 WL 6947871, at *3. Moreover, because Michele Land was not authorized to accept service of process on behalf of Wise Co., service is likewise improper as to Defendant Wise Co. (*See* Monroe Aff. ¶ 10 ("Michele Land is not the office manager, an officer, managing agent, registered agent or chief agent of [Defendant Wise Co.] . . . and is not authorized to accept service of process on behalf of [Defendant Wise Co.] . . . .")); *see also* Fed. R. Civ. P. 4(h); Tenn. R. Civ. P. 4.04(4) & 10.

Accordingly, it is recommended that the motions of Defendants Cooper, Elder, Laura Smith, Monroe, and Wise Co. be **GRANTED** for insufficient service of process under Rule 12(b)(5).[5]

**D.      Standard for Rule 12(b)(6) Dismissal**

To survive a Rule 12(b)(6) dismissal following the Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported

---

[5] *See supra* note 4.

by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a *pro se* litigant; nor are they required to sort through the pleadings to create a claim on behalf of the plaintiff. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted). Requiring the court "to ferret out the strongest cause of action on behalf of the *pro se* litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Id.*

**E.     Claims Against Defendant Brown in Her Individual Capacity**

10

Scott has identified nine different individuals—all of whom are presumably employed by Wise Co. in a variety of management positions—as defendants in this case. (*See* Second Am. Compl., D.E. 15.)

As to Defendant Brown, the Second Amended Complaint alleges specific allegations of wrongdoing only as to Scott's claims for: (1) retaliation for participating in a sexual harassment investigation under Title VII; and (2) unpaid overtime under the FLSA. (*See id.* ¶¶ 66-67, 74, 76, 81-82, 87, 91, & 319.) The Second Amended Complaint is void of any specific allegations as to Defendant Brown regarding the remaining fourteen causes of action. "For this reason alone, [Defendant Brown] [is] entitled to dismissal from this action" as to those fourteen claims. *Alessio v. United Airlines, Inc.*, 2018 WL 902334, at *4 (N.D. Ohio Feb. 15, 2018).

In addition, Scott's individual capacity claims against Defendant Brown for retaliation and failure to accommodate fail as a matter of law "as there is no individual liability under Title VII [or the ADA]." *Id.* (citing *See Mayes v. City of Oak Park*, 285 F. App'x 261, 262 (6th Cir. 2008) (affirming dismissal of individual defendants as to the plaintiff's ADA and Title VII claims on the ground that the ADA and Title VII do not provide for individual liability); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (Title VII does not provide for individual liability because the definition of "employer" does not include individual supervisors and observing that the supervisor liability sections of the ADEA and Title VII may be interpreted interchangeably).

Defendant Brown is therefore entitled to dismissal from this action as to every claim in the Second Amended Complaint, with the exception of Scott's claim for unpaid overtime under the FLSA, which is discussed below.[6]

---

[6] This court would allow Scott an additional opportunity to amend his complaint to set forth factual allegations necessary to state claims against Wise Co. *See supra* note 1.

11

*1.     Unpaid Overtime Under the FLSA*

"The FLSA was enacted to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work and to spread employment through inducing employers to shorten hours because of the pressure of extra cost." *Perry v. Randstad Gen. Partner (US) LLC*, 876 F.3d 191, 196 (6th Cir. 2017) (citations and internal quotations omitted). The FLSA requires employers to compensate employees time-and-a-half for work completed in excess of forty hours per week. *Id.* Exempted from this requirement are executive, administrative, or professional employees. *Id.* (citing *Acs v. Detroit Edison Co.*, 444 F.3d 763, 764–65 (6th Cir. 2006); 29 U.S.C. § 213(a)(1)).

**The Administrative Exemption**

Defendant Brown argues that Scott's duties as CAD engineer meet the requirements for the FLSA's "administrative exemption." (Def. Brown's Mem., D.E. 26-1, at PageID 1595.) The administrative exemption applies to an employee: (1) who is compensated on a salary basis at a rate of not less than $684 per week; (2) whose primary duty is "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) whose primary duty includes "the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. 541.200(a)(1)-(3).

*Element one.* Scott states that he was a salaried employee at Wise Co. several times throughout the Second Amended Complaint. (*See* Second Am. Compl. ¶¶ 48, 61, 160, 173, 197, 206, & 214.) Scott also alleges the employment contract he signed with Wise Co. "stated that he would receive a salary of . . . $85,000.00 per year"—*i.e.*, approximately $1,600 per week. (*Id.* ¶ 214.) Thus, the first element of the administrative-employee exemption is satisfied. *See* 29 C.F.R. § 541.200(a)(1).

12

Case 1:19-cv-01291-STA-jay   Document 35   Filed 07/16/20   Page 13 of 16
                                PageID 1823

*Element two.*  Scott states his job duties with Wise Co. included drafting and designing CAD models for various products manufactured and sold by Wise Co. (*See* Second Am. Compl. ¶ 72, D.E. 15.)  Scott's allegations demonstrate that his primary duties were the performance of office or non-manual work.  The second element of the administrative-employee exemption is therefore satisfied.  *See* 29 C.F.R. § 541.200(a)(2).

*Element three.*  The regulations generally define "the exercise of discretion and independent judgment" as involving "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."  29 C.F.R. § 541.202(a) (2020).  The next subsection provides:

> The phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: [(1)] whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; [(2)] whether the employee carries out major assignments in conducting the operations of the business; [(3)] whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; [(4)] whether the employee has authority to commit the employer in matters that have significant financial impact; [(5)] whether the employee has authority to waive or deviate from established policies and procedures without prior approval; [(6)] whether the employee has authority to negotiate and bind the company on significant matters; [(7)] whether the employee provides consultation or expert advice to management; [(8)] whether the employee is involved in planning long- or short-term business objectives; [(9)] whether the employee investigates and resolves matters of significance on behalf of management; and [(10)] whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

*Id.* § 541.202(b).  The regulations further note that "employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level."  29 C.F.R. § 541.202(c) (2020).

13

"[D]etermining what an employee's primary duties are and whether they are covered by the administrative exemption is a fact-intensive inquiry." *Perry*, 876 F.3d at 200. The court should "focus on evidence regarding the actual day-to-day activities of the employee rather than more general job descriptions contained in resumes, position descriptions, and performance evaluations." *Id.* (citations omitted).

Based on the above referenced factors—and in light of the limited factual detail in the Second Amended Complaint—this court is *not* satisfied that Scott's CAD engineer job satisfies the third element of the administrative-employee exemption. *See, e.g.*, *Black v. Comdial Corp.*, 1994 WL 70113, at *3 (W.D. Va. Feb. 15, 1994) ("But whatever part of the business operations the work affects, even if the effect is substantial, the exemption is not proper unless it is the administrative operations of the business which are being tended. Mr. Black's importance to business operations may have been substantial, but it was important primarily to production, not to the formulation or implementation of general business policy or practices."); *but cf. Harris v. Liberty Oilfield Servs., LLC*, 2018 WL 447355, at *4 (D. Colo. Jan. 17, 2018) (concluding that a salaried field engineer for a fracking company exercised discretion and judgment on matters of significance and thus fell within the administrative-employee exemption). But as discussed below, based on the job duties described in the Second Amended Complaint, Scott may satisfy the related FLSA exemption for computer professionals. *See* 29 U.S.C. § 213(a)(17).

### The Computer Professional Exemption

The computer professional exemption exempts:

[A]ny employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is—

(A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

14

>   (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
>
>   (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
>
>   (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour.

29 U.S.C. § 213(a)(17).[7]

Factors relevant to whether Scott falls within the computer professional exemption include: "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." 29 C.F.R. § 541.700(a).

The Second Amended Complaint alleges that Scott "spent the majority of his time (95% or more) doing CAD drawings. . . ." (Second Am. Compl. ¶ 72, D.E. 15.) Based on the amount of time Scott spent designing and drawing CAD models, Scott's "primary duty" at Wise Co. included "the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications." *See* 29 U.S.C. § 213(a)(17); 29 C.F.R. § 541.700(a); *see also, e.g.*, *Ross v.*

---

[7] Where an employee such as Scott receives a salary rather than an hourly rate, district courts have disagreed as to whether the computer professional exemption applies. *See Haluska v. Advent Commc'ns, Inc.*, 2014 WL 5823105, at *7 (W.D. Pa. Nov. 10, 2014) (citing *Chicca v. St. Luke's Episcopal Health Sys.*, 858 F. Supp. 2d 777, 783 n.3 (S.D. Tex. 2012) (collecting cases); *Santiago v. Amdocs, Inc.*, 2011 WL 6372348, at *3 (N.D. Cal. Dec. 19, 2011); *Pellerin v. Xspedius Mgmt. Co. of Shreveport L.L.C.*, 432 F. Supp. 2d 657, 665 n. 9 (W.D. La. 2006)). Like the Western District of Pennsylvania in *Haluska*, this court will follow the approach of the Southern District of Texas in *Chicca v. St. Luke's Episcopal Health System*. *See Chicca*, 858 F. Supp. 2d 777 at 783 n.3 ("Because the regulations apply the same standard to computer employees whether a court evaluates their FLSA claim under 213(a)(1) or 213(a)(17), *see* 29 C.F.R. § 541.400(b), the Court need not determine, for the purposes of this Memorandum and Order, whether 213(a)(17) applies to salaried employees.").

*Creative Image Techs., LLC*, 2014 WL 2890467, at *4 (W.D. Ky. June 25, 2014) (concluding that the plaintiff's work as an AV design engineer "invariably involved the design, testing, or modification of computer systems or programs" and therefore satisfied the computer professional exemption.)  Scott is therefore an exempted computer professional under the FLSA.

Accordingly, it is recommended that the motion of Defendant Brown be **GRANTED** in its entirety for failure to state a claim under Rule 12(b)(6).

### III.    RECOMMENDATION

For the reasons that follow, it is recommended that the motions of Defendants Dingler, Cheryl Smith, Weterrings, Cooper, Elder, Laura Smith, Monroe, and Wise Co. be **GRANTED** for insufficient service of process under Rule 12(b)(5).  It is further recommended that the motion of Defendant Brown be **GRANTED** in its entirety for failure to state a claim under Rule 12(b)(6), but that Scott be afforded an opportunity to amend his complaint to set forth factual allegations necessary to state claims against Wise Co.[8]

Respectfully submitted this 16th day of July, 2020.

s/ Jon A. York_____<br>UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  *SEE* 28 U.S.C. § 636(b)(1).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[8] *See supra* note 1.