# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES S. SCOTT, | › | |
| | › | |
| Plaintiff, | › | 1:19-cv-01291-STA-jay |
| | › | |
| v. | › | |
| | › | |
| THE WISE COMPANY, INC., et al., | › | |
| | › | |
| Defendants. | › | |

## AMENDED REPORT AND RECOMMENDATION

Before the court is the July 20, 2020 motion of Defendant D. Canale & Company ("D. Canale") for clarification of the undersigned's July 16, 2020 Report and Recommendation. (D.E. 36.) Defendant D. Canale points out that the Report and Recommendation failed to rule on the motion to dismiss filed by Defendant D. Canale on June 16, 2020. (*Id.*) The *pro se* plaintiff, James S. Scott, has not filed a response in opposition to D. Canale's motion to dismiss.

## I. BACKGROUND

On July 16, 2020, the undersigned United States Magistrate Judge entered a Report and Recommendation as to the motions to dismiss filed by the followings defendants: The Wise Company, Inc., Michael Monroe, John Cooper, Charles Dingler, David Elder, Sharon Brown, Frans Weterrings, Laura Smith, and Cheryl Smith. (R. & R., D.E. 35; *see* Defs.' Mots., D.E. 23, 24, 25, 26, 27, 28, 29, 30, & 31.) The undersigned recommended that the motions of Defendants Dingler, Cheryl Smith, Weterrings, Cooper, Elder, Laura Smith, Monroe, and Wise Co. be granted for insufficient service of process under Federal Rule of Civil Procedure ("Rule") 12(b)(5), and

1

that all claims against those defendants be dismissed without prejudice. (*See* R. & R. § III, D.E. 35, at PageID 1826.)

## II. AMENDED PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

"A district court has the inherent power to modify interlocutory orders prior to the entry of a final judgment." *Winnett v. Caterpillar, Inc.*, 2007 WL 2123905, at *1 (M.D. Tenn. July 20, 2007) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). No final judgment has been entered in this case.

The undersigned's July 16, 2020 Report and Recommendation[1] is hereby amended as follows:

- This court finds that Michele Land signed off for the certified mail packages received at D. Canale's corporate address. (Monroe Aff. ¶ 9, D.E. 20-1.)

- Michelle Land was not authorized to accept service of process on behalf of D. Canale when she signed off for the packages. (*Id.* ¶ 10.)

- Because Michele Land was not authorized to accept service of process on behalf of D. Canale, service is improper as to Defendant D. Canale. *See* Fed. R. Civ. P. 4(h); Tenn. R. Civ. P. 4.04(4) & 10.

- Accordingly, it is recommended that the motion of Defendant D. Canale be **GRANTED** for insufficient service of process under Rule 12(b)(5).[2]

## III. AMENDED RECOMMENDATION

The undersigned's July 16, 2020 Report and Recommendation should be amended to include the motion to dismiss filed by Defendant D. Canale. (*See* D.E. 20.) It is recommended

---

[1] (*See* R. & R. §§ I. (Proposed Findings of Fact) & II.C (Proposed Conclusions of Law as to Defendants Cooper, Elder, Laura Smith, Monroe, and Wise Co.))

[2] *See, e.g.*, *Ritter v. Virtue*, 2010 WL 1433130, at *2 (M.D. Pa. Apr. 7, 2010) (dismissing *pro se* complaint where service was improper; "Although courts must construe *pro se* complaints liberally, . . . we do not have jurisdiction over parties that have not been properly served in accordance with Rule 4 . . . . Thus, we will grant [the Defendants' motion] and dismiss the claims against them without prejudice. Since we are without jurisdiction over the Defendants, we will not address the other issues presented in their motion.") (internal citations omitted).

that the motion of Defendant D. Canale be **GRANTED** for insufficient service of process under Rule 12(b)(5), and that all claims against Defendant D. Canale be dismissed without prejudice.

Respectfully submitted this 3rd day of August, 2020.

s/ Jon A. York
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.** *SEE* **28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**