**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **JAMES S. SCOTT,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:19-cv-01291-STA-jay** |
| ) | |
| **THE WISE CO., INC.;** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR INSUFFICIENT
SERVICE OF PROCESS
ORDER GRANTING DEFENDANT SHARON BROWN'S MOTION TO DISMISS**

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 35) and Amended Report and Recommendation (ECF No. 39) that the Court grant a series of Rule 12(b) motions filed by Defendants in this matter. For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as amended, and **GRANTS** Defendants' Motions to Dismiss.

**BACKGROUND**

The Magistrate Judge has reported the following background facts, to which no party has lodged any objections and which the Court hereby adopts as its findings. Plaintiff James S. Scott, who is acting *pro se*, filed his original complaint (ECF No. 1) on December 13, 2019 and named seven Defendants. Scott first amended his complaint (ECF No. 8) on January 7, 2020, naming the same seven Defendants. Then, with leave of court, Scott filed a Second Amended Complaint (ECF No. 15) on March 24, 2020, expanding the scope of his claims and naming the following eleven Defendants: The Wise Co., Inc.; D. Canale & Co. (Wise Co.'s parent company), Michael Monroe,

John Cooper, Charles Dingler, David Elder, Sharon Brown, Frans Weterrings, Laura Smith, Jeremey Tucker, and Cheryl Smith.

The Second Amended Complaint asserts sixteen different causes of action against the Defendants, all arising out Scott's previous employment as a computer assisted design ("CAD") engineer with The Wise Co. Count One alleges a failure-to-accommodate claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendment Act of 2008 (collectively referred to as the "ADA"). *Id.* ¶¶ 106–25. Count Two alleges a retaliation claim for engaging in a protected activity in violation of the ADA. *Id.* ¶¶ 126–39. Count Three alleges a claim for interference with rights covered under the ADA. *Id*. ¶¶ 140–43. Count Four alleges a retaliation claim for participating in a sexual harassment investigation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. *Id*. ¶¶ 144–50. Count Five alleges a claim for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. *Id*. ¶¶ 151–77. Count Six alleges a claim for violations of the Stored Wire Electronic Communications Act ("SWECA"), 18 U.S.C. § 2701 et seq. *Id*. ¶¶ 178–81. Count Seven alleges a claim for invasion of privacy under Tennessee law. *Id*. ¶¶ 182–94. Count Eight alleges a claim for breach of contract under Tennessee law. *Id*. ¶¶ 195–220. Count Nine alleges a claim for promissory estoppel and breach of the implied duty of good faith and fair dealing, presumably under Tennessee law. *Id*. ¶¶ 221–40. Count Ten alleges a claim for intentional infliction of emotional distress under Tennessee law. *Id*. ¶¶ 241–57. Counts Eleven and Twelve allege violations of 42 U.S.C. § 1985(2) & (3). *Id*. ¶¶ 258–84. Count Thirteen alleges a claim under the Tennessee Personal and Commercial Computer Act of 2003 ("TPCCA"), Tenn. Code Ann. § 39–14–601, et seq. *Id*. ¶¶ 285–92. Count Fourteen alleges a claim for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. *Id*. ¶¶ 293–305.

Count Fifteen alleges a notice requirement claim under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, et seq. *Id*. ¶¶ 306–14. Count Sixteen alleges a claim for "wrongful discharge in violation of public policy." *Id*. ¶¶ 315–326.

In response to the allegations contained in the Second Amended Complaint, Defendants filed the following Rule 12(b) Motions to Dismiss, all on June 16, 2020:

- D. Canale Co.'s Motion to Dismiss (ECF No. 20);
- Charles Dingler's Motion to Dismiss (ECF No. 23);
- Cheryl Smith's Motion to Dismiss (ECF No. 24);
- Frans Weterrings's Motion to Dismiss (ECF No. 25);
- Sharon Brown's Motion to Dismiss (ECF No. 26);
- John Cooper's Motion to Dismiss (ECF No. 27);
- David Elder's Motion to Dismiss (ECF No. 28);
- Laura Smith's Motion to Dismiss (ECF No. 29);
- Michael Monroe's Motion to Dismiss (ECF No. 30); and
- The Wise Co., Inc.'s Motion to Dismiss (ECF No. 31).

Each Defendant argued for the dismissal of the Second Amended Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). And each Defendant (other than Sharon Brown) also argued that Scott's attempt at service by means of certified mail was defective and that the Court should dismiss the Second Amended Complaint for insufficient service of process under Rule 12(b)(5). Defendants Charles Dingler, Cheryl Smith, and Frans Weterrings argued that Scott's "package containing the Second Amended Complaint and Summonses were initially addressed to an invalid location and were then forwarded . . . to a business address for [The Wise Co.]" in Savannah, Tennessee. Def. Dingler's Mem., ECF No. 23-

1, at PageID 1488; Def. Cheryl Smith's Mem., ECF No. 24-1, at PageID 1522; Def. Weterrings's Mem., ECF No. 25-1, at PageID 1557. Sharon Brown signed for the package on behalf of Dingler, Smith, and Weterrings but without their authorization. *Id.* Michael Monroe, President of The Wise Co., submitted an affidavit, stating that Brown was not authorized to accept service of process on behalf of any of these Defendants. Monroe Aff. ¶¶ 5–7, ECF No. 23–2.) So Dingler, Smith, and Weterrings contend that service was insufficient.

Defendants John Cooper, David Elder, Laura Smith, Michael Monroe, The Wise Co., and D. Canale make a similar argument about the insufficiency of service of process. Scott addressed the Second Amended Complaint and process for these Defendants to D. Canale's corporate address where Michelle Land accepted service for these Defendants. According to an affidavit from Monroe, Land was not authorized to accept service for any of these Defendants. Def. Cooper's Mem., ECF No. 27-1, at PageID 1616; Def. Elder's Mem., ECF No. 28-1, at PageID 1650; Def. Laura Smith's Mem., ECF No. 29-1, at PageID 1684; Def. Monroe's Mem., ECF No. 30-1, at PageID 1716; Def. Wise Co.'s Mem., ECF No. 31-1, at PageID 1750-51.

Scott never responded in opposition to Defendants' Rule 12(b) Motions. The Magistrate Judge has recommended that the Court grant each Motion to Dismiss for insufficient service of process. The Magistrate Judge has also recommended that the Court grant Brown's Motion to Dismiss for failure to state a claim but without prejudice to Scott's right to pursue the claims against The Wise Co., Inc. Subsequent to the entry of his initial Report, the Magistrate Judge entered an Amended Report, noting that the initial Report had not squarely addressed D. Canale's Motion to Dismiss. The Magistrate Judge concluded that service of process on D. Canale was

incomplete for the same reasons that service of process was incomplete as to the other Defendants. So the Amended Report recommended that the Court also grant D. Canale's Motion to Dismiss.[1]

Although Scott did not respond to Defendants' Rule 12 Motions, he did submit objections to the Magistrate Judge's initial Report. He has not, however, submitted any objections to the Magistrate Judge's Amended Report. Scott's objections provide additional factual background about his efforts to serve Defendants. Scott makes a number of claims about his attempts to serve Defendants by certified mail. Scott also notes that he diligently attempted to find addresses for each of the individual Defendants where they might have been amenable to personal service but was largely unsuccessful. On the merits, however, Scott does not actually dispute that service of process on all Defendants remains incomplete. As for Brown's Motion to Dismiss for failure to state a claim for relief, Scott contests the Magistrate Judge's conclusion that his position with The Wise Co., Inc. was exempt from the FLSA. Scott's objections refer interchangeably to the FLSA's "administrative employee exemption" and "the computer employee exemption." Scott did not create or program computer software; Scott used CAD software to input information. Scott cites U.S. Department of Labor authority for the proposition that a CAD engineer does not qualify under the "computer employee exemption." Scott argues then that the Court should not dismiss his FLSA claims against Brown or The Wise Co. Scott finally argues that his pleadings state a plausible claim against Defendants for conspiring to deny him his civil rights in violation of 42 U.S.C. § 1985(3).

---

[1] After the Magistrate Judge issued his R&R, D. Canale filed a motion for clarification (ECF No. 36), and the Magistrate Judge's Amended R&R followed. Based on the Magistrate Judge's Amended R&R, the motion for clarification is now moot. The Clerk is directed to terminate the motion for clarification.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and recommendation on any dispositive motion.  28 U.S.C. § 636(b)(1)(B).  The Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  § 636(b)(1)(C).  After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.  *Id.*  The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Rather the Court may adopt any findings and rulings of the magistrate judge to which no specific objection is filed.  *Id.* at 151.

## ANALYSIS

### I.   Insufficient Service of Process

The Magistrate Judge has first recommended that the Court grant Defendants' separate Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).  The Magistrate Judge has set out the relevant law on service of process, and Scott has not filed any objection to the Magistrate Judge's statement of the law.  So the Court adopts that portion of the Report and Recommendation.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also Omni Capital, Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990) (same).  Actual knowledge of a lawsuit is not a substitute for

proper service. *Collins v. Waste Mgmt.*, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), report and recommendation adopted, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018).[2]

Rule 4 governs service of the summons and complaint in federal cases. *Id*. Rule 4(c) requires the plaintiff to serve the summons and complaint within the time period allowed under Rule 4(m)—i.e., 90 days after the complaint is filed. Scott filed his Second Amended Complaint on March 24, 2020; Scott therefore had until Monday, June 22, 2020 to properly serve the summons and Second Amended Complaint. *See* Fed. R. Civ. P. 4(c) & (m). Individual defendants can be served in the following ways: (1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; or (2) by "(A) delivering a copy of the summons and of the complaint to the individual personally[,] (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[,] or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Corporate defendants are properly served when: (1) service is effected in accordance with state law in the state where the district court is located or where service is made, or (2) a copy of the summons and complaint is delivered to an officer or authorized agent. Fed. R. Civ. P. 4(h).

"Tennessee law provides for service on a corporation by delivery of the summons and complaint to an officer, managing agent, or other agent authorized to receive service of process, Tenn. R. Civ. P. 4.04(4), or by certified mail to an officer, managing agent, or other agent

---

[2] Without proper service of process, the Magistrate Judge was correct not to reach the merits of Defendants' Rule 12(b)(6) arguments. "In the absence of proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant" and is therefore "powerless to proceed to an adjudication." *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (other citations and internal quotation marks omitted).

authorized to receive service of process, Tenn. R. Civ. P. 4.04(10)." *Collins*, 2017 WL 6947871, at *2. "However, service by certified mail is typically insufficient if the defendant or an authorized agent does not sign for the mail." *Id.* (citing *Dolan v. United States*, 514 F.3d 587, 595-96 (6th Cir. 2008) (finding insufficient service where certified mail receipt was signed by person whose authority was not shown in the record); *Fite v. Comtide Nashville, LLC*, 686 F. Supp. 2d 735, 746 (M.D. Tenn. 2010) ("While the Tennessee Rules of Civil Procedure permit service by mail, unless the package is actually received and signed for by the defendant or his 'authorized agent,' service of process by mail delivery is not effective.")).

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[T]he plaintiff must provide proof of service to the court unless service is waived, and 'proof must be by the server's affidavit' unless there has been service by a marshal." *Collins*, 2017 WL 6947871, at *3 (quoting Fed. R. Civ. P. 4(l)(1))

As the Magistrate Judge correctly noted, there is no dispute that Scott has not yet served the Defendants who have contested service of process with the summons re-issued on March 25, 2020.[3] There is likewise no dispute that two individuals signed to accept service on behalf of each moving Defendant, even though neither person was authorized to accept service. Because Scott has not served any of the moving Defendants personally and the person who accepted service on their behalves was not authorized to do so, Scott has not perfected service on the moving

---

[3] This obviously does not include Defendant Sharon Brown, who signed for the package containing the summons and complaint. As the Court has already noted, Brown does not challenge the sufficiency of Scott's service on her in her individual capacity.

Defendants.  The Court concludes then that Defendants are entitled to the dismissal of the Second Amended Complaint.

Scott concedes that service of process is incomplete.  *See* Pl.'s Motion for Leave to File Third Am. or Corrected Compl. July 29, 2020 (ECF No. 38) ("All Summons and Alias Summons have been issued, but effective Service of Process is incomplete due to excusable neglect pursuant to Rule 6(b)(1)(B) under the Federal Rules of Civil Procedure.").  Scott has instead asserted a number of facts about his attempts to serve Defendants, all for the apparent purpose of showing cause to allow him more time to accomplish service.  Scott's objections describe the obstacles he confronted in finding home addresses where the individual Defendants could be served personally.  Scott also states that he mailed a copy of the summons and complaint to one of The Wise Co. Inc.'s offices in Savannah, Tennessee, and questions whether the office is actually closed.  Scott even asserts that some of the individual Defendants may have unlawfully accessed his home computer and compromised his personal email and social media accounts.

But the Court cannot consider these factual allegations because Scott has not introduced any competent proof to support the claims by affidavit or declaration.  Even if Scott had introduced evidence on these points, none of the purported facts show that Scott's service on these Defendants complied with Rule 4.  At this point, Scott has not disputed the Magistrate Judge's conclusion that Scott's process was served on individuals who were not authorized to accept service of process.  Without something to call that conclusion into doubt, the Court **ADOPTS** the Magistrate Judge's recommendation, as amended to include D. Canale, and **GRANTS** each Defendants' Motion to

Dismiss for ineffective service of process. The Second Amended Complaint is **DISMISSED** as to these Defendants but without prejudice to Scott's right to re-file the claims.[4]

## II.     Failure to State a Claim against Defendant Sharon Brown

The only other dispositive issue presented in Defendants' Rule 12 Motions was Brown's argument that the Second Amended Complaint failed to state a claim against her. Except as noted below, Scott has not objected to the standard of review applied by the Magistrate Judge under Rule 12(b)(6). So the Court hereby adopts the following statements of law from the Report and Recommendation.

To survive a Rule 12(b)(6) dismissal following the Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the

---

[4] The Court notes that Scott has since filed two motions for leave to file a third amended pleading (ECF Nos. 38, 42). Those motions remain pending before the Magistrate Judge.

10

requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a pro se litigant; nor are they required to sort through the pleadings to create a claim on behalf of the plaintiff. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted). Requiring the court "to ferret out the strongest cause of action on behalf of the pro se litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Id*.

The Magistrate Judge construed the Second Amended Complaint to allege two claims against Brown in her individual capacity: (1) retaliation in violation of the ADA and in violation of Title VII for participating in a sexual harassment investigation; and (2) unpaid overtime under the FLSA. Mag. J.'s Rep. & Recommendation 11 (citing Second Am. Compl. ¶¶ 66-67, 74, 76, 81-82, 87, 91, & 319). The Magistrate Judge recommended that the Court grant Brown's Motion to Dismiss the Title VII and ADA claims, reasoning that as a matter of law "there is no individual

11

liability under Title VII [or the ADA]." *Id.* (citing *Mayes v. City of Oak Park*, 285 F. App'x 261, 262 (6th Cir. 2008)). Scott has not objected to the Magistrate Judge's construction of his pleadings or his conclusion that Scott's claims under the ADA and Title VII against Brown in her individual capacity fail as a matter of law. As already noted, the Court need not review any recommendation to which no specific objection is made. *Arn*, 474 U.S. at 150. Therefore, the Court **ADOPTS** these conclusions that the Second Amended Complaint alleges only the ADA, Title VII, and FLSA causes of action against Brown and that Brown is entitled to the dismissal of the retaliation claims under the ADA and Title VII as a matter of law. Therefore, Brown's Motion to Dismiss is **GRANTED** on these issues.

As for the FLSA claim, the Magistrate Judge read the Second Amended Complaint's allegations to implicate two exceptions to FLSA requirements and protections: the administrative exemption and the computer professional exemption. The administrative exemption applies to an employee: (1) who is compensated on a salary basis at a rate of not less than $684 per week; (2) whose primary duty is "the performance of office or nonmanual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) whose primary duty includes "the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. 541.200(a)(1)-(3).

The computer professional exemption exempts: [A]ny employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is—

(A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

(B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

(C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or

(D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour. 29 U.S.C. § 213(a)(17).

The Magistrate Judge was not persuaded by Brown's argument that the administrative exemption applied in Scott's case but did conclude that the computer professional exemption applied to bar any FLSA claim Scott might have against Brown. Scott does not challenge the Magistrate Judge's conclusion about the administrative exemption but does object to his conclusion about the computer professional exemption. For support Scott cites Labor Department guidance on the exemption, stating that the FLSA's computer professional exemption does not apply to CAD engineers like Scott. Scott's objection might have persuasive value. The problem lies in the fact that Scott did not present this authority to the Magistrate Judge in the first instance. Scott never filed a written response to Brown's Motion to Dismiss or any other Rule 12(b)(6) Motion filed by Defendants. It is well established that a party forfeits any issue he did not actually present to a magistrate judge in the first instance and then raises the issue for the first time in objections to the magistrate judge's report and recommendation. *AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) (citation omitted); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Because Scott has forfeited this argument, the Court declines to consider it now.

In the final analysis, the Magistrate Judge nevertheless recommended that the Court dismiss Scott's claims against Brown in her individual capacity and grant him leave to amend his pleadings to allege the claims against The Wise Co., Inc. itself. No party has objected to this aspect of the Magistrate Judge's recommendation. The Court finds it well taken and therefore **GRANTS** Brown's Motion to Dismiss with the caveat that Scott may plead similar claims against the Wise Co., Inc. in a subsequent amended pleading.

One additional issue remains. Scott argues in his objections that his pleadings state a plausible section 1985(3) conspiracy claim against Defendants. The Court finds it unnecessary to consider this question. The Magistrate Judge's Report and Recommendation never addressed the substance of Scott's section 1985(3) claim because he concluded that dismissal under Rule 12(b)(5) was warranted. Under the circumstances, the Court declines to decide whether the Second Amended Complaint states a plausible conspiracy claim.

## CONCLUSION

Having reviewed the Magistrate Judge's Report and Recommendation and the entire record of the proceedings, the Court hereby **ADOPTS** the Report (ECF No. 35), as amended (ECF No. 39). The Court **GRANTS** the following Motions to Dismiss for insufficient service of process: D. Canale Co.'s Motion to Dismiss (ECF No. 20); Charles Dingler's Motion to Dismiss (ECF No. 23); Cheryl Smith's Motion to Dismiss (ECF No. 24); Frans Weterrings's Motion to Dismiss (ECF No. 25); John Cooper's Motion to Dismiss (ECF No. 27); David Elder's Motion to Dismiss (ECF No. 28); Laura Smith's Motion to Dismiss (ECF No. 29); Michael Monroe's Motion to Dismiss (ECF No. 30); and The Wise Co., Inc.'s Motion to Dismiss (ECF No. 31). The Court also **GRANTS** Sharon Brown's Motion to Dismiss (ECF No. 26) for failure to state a claim but affords

Scott the opportunity to amend his complaint to set forth factual allegations necessary to state the same claims against The Wise Co.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**

S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  September 28, 2020.