**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **JAMES S. SCOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:19-cv-01291-STA-jay |
| ) | |
| **THE WISE CO., INC., and** ) | |
| **D. CANALE & CO.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Before the Court is a Third Amended Complaint filed by Plaintiff James S. Scott. Plaintiff, who is acting *pro se*, initiated this action on December 13, 2019, by filing a complaint alleging the violation of federal employment laws. Scott amended his complaint (ECF No. 8) just a short time later on January 7, 2020, and then again with leave of court by filing a second amended complaint (ECF No. 15) on March 24, 2020. Nine of the eleven Defendants named in the second amended complaint moved to dismiss it for insufficient service of process, and the Court granted each of their motions. *See* Order Granting Mots. to Dismiss, Sept. 28, 2020. The Court's dismissal of the claims, however, was without prejudice to Plaintiff's right to raise them in another pleading.

While the motions to dismiss for insufficient service were pending, Plaintiff requested permission to amend his pleadings yet again. On November 5, 2020, the Magistrate Judge granted Plaintiff's motion to file a third amended complaint. The Magistrate Judge concluded that Plaintiff had shown good cause to amend: his proposed amended pleading would reduce the number of Defendants from eleven to two and the number of claims for relief from sixteen to five. So having

obtained leave to amend again, Plaintiff filed his third amended pleading (ECF No. 48) on December 1, 2020, almost one year after he had filed suit.

Now more than five months after filing his new pleading, Plaintiff has never caused summons to issue, despite the fact that the Court had already identified the defects in Plaintiff's earlier attempts at service, dismissed Plaintiff's previous pleadings for failure to serve the Defendants properly, and outlined the correct procedure for service of process. In fact, after the Magistrate Judge granted Plaintiff permission to file a third amended complaint in November 2020, the two parties named as Defendants in Plaintiff's third amended pleading, The Wise Co., Inc. and D. Canale & Co., filed a motion for clarification. The parties stated that Plaintiff had mailed each of them copies of the proposed third amended complaint back in September 2020, before the Court had ruled on the motions to dismiss the second amended complaint for insufficient service or the Magistrate Judge had granted Plaintiff leave to file the third amended pleading. The parties sought clarification about whether they were required to file a responsive pleading to the third amended complaint, which Plaintiff had simply mailed to them. The Magistrate Judge granted the motion for clarification and specifically stated that while Plaintiff had mailed the parties a copy of the third amended complaint in September 2020 and then filed the pleading with the Clerk of Court on December 1, 2020, Plaintiff had not caused summons to issue. Based on the simple fact that Plaintiff had not asked the Clerk to issue summons, Plaintiff had not served the parties with the third amended pleading. Therefore, The Wise Co., Inc. and D. Canale & Co. were not under an obligation to file an answer. The Magistrate Judge issued his order granting the motion for clarification on December 3, 2020.

When no other activity occurred in the case after the Magistrate Judge's order clarifying the status of service of the third amended complaint, the Magistrate Judge entered another order

on February 22, 2021, directing Plaintiff to show cause as to why the Court should not dismiss the case. The Magistrate Judge pointed out that Plaintiff had filed a third amended complaint in December 2020 but never caused summons to issue. The show cause order gave Plaintiff until March 19, 2021, in which to file a show cause response, and cautioned him that failure to respond by that deadline might result in the dismissal of his case. In the ten weeks since the Magistrate Judge issued his show cause order, Plaintiff has not responded to the show cause order, and in the five months that have passed since the filing of the third amended complaint, Plaintiff has taken no further action to serve The Wise Co., Inc. and D. Canale & Co. or to otherwise prosecute his case.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also Omni Capital, Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990) (same). Actual knowledge of a lawsuit is not a substitute for proper service. *Collins v. Waste Mgmt.*, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), report and recommendation adopted, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018).

Federal Rule of Civil Procedure 4 governs service of the summons and complaint in federal cases. *Id*. Rule 4(c) requires the plaintiff to serve the summons and complaint within the time period allowed under Rule 4(m)—i.e., 90 days after the complaint is filed. Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[T]he

plaintiff must provide proof of service to the court unless service is waived, and 'proof must be by the server's affidavit' unless there has been service by a marshal." *Collins*, 2017 WL 6947871, at *3 (quoting Fed. R. Civ. P. 4(l)(1)).

Separately, Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). While it speaks of a defendant's right to request dismissal, Rule 41(b) does not abridge a district court's inherent authority to dismiss a plaintiff's case with prejudice for the plaintiff's failure to prosecute it. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The Supreme Court has remarked that this inherent authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629–30; *see also Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (stating that the inherent authority to dismiss a case "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties").

The Court finds that dismissal of Plaintiff's suit is warranted under Rule 4(m) and Rule 41(b). Plaintiff was at all times on notice of his need to cause summons to issue and serve The Wise Co., Inc. and D. Canale & Co. with proper process. In seeking leave to file a third amended pleading, Plaintiff acknowledged that he had caused summons to issue and that the Federal Rules of Civil Procedure required him to serve each of the defendants named in his earlier pleadings with summons and a copy of the pleading. *See* Pl.'s Motion for Leave to File Third Am. or Corrected Compl. July 29, 2020 (ECF No. 38) ("All Summons and Alias Summons have been issued, but effective Service of Process is incomplete due to excusable neglect pursuant to Rule 6(b)(1)(B) under the Federal Rules of Civil Procedure."). Plaintiff had previously caused summons to issue

4

as to his amended complaint and his second amended complaint. *See* Summons Issued as to Am. Compl., Feb. 20, 2020 (ECF No. 12); Summons Issued as to Second Am. Compl. & Cover Ltr., Mar. 25, 2020 (ECF No. 17-11).

What is more, the previous orders in this case clearly spelled out Plaintiff's duty to serve the third amended complaint in a manner that complied with due process. The Court had already dismissed Plaintiff's second amended complaint for insufficient service of process in September 2020, and the Magistrate Judge had clarified in December 2020 that Plaintiff could not achieve service on the Defendants named in his third amended complaint until he had caused summons to issue. The Magistrate Judge's February 2021 show cause order again referred to Plaintiff's failure to have summons issued or serve the Defendants named in the third amended complaint. Plaintiff received notice of each of these orders electronically. *See* Agreement to Receive Notice of Electronic Filing, Dec. 13, 2019 (ECF No. 6). Based on Plaintiff's failure to heed these orders or come forward to show why he needs more time to have summons issued or serve the third amended complaint, the Court will dismiss the third amended complaint. Therefore, this matter is **DISMISSED** without prejudice for Plaintiff's failure to serve the third amended complaint and otherwise for his failure to prosecute his case.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: May 4, 2021